70 F.3d 1253
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Robert F. SMITH and Joanne M. Smith, Plaintiffs, Appellants,
v.
NEW HAMPSHIRE BOARD OF LICENSURE FOR LAND SURVEYORS, et al.,
Defendants, Appellees.
 No. 95-1520.
 United States Court of Appeals, First Circuit.
 Nov. 28, 1995.
 
 Robert F. Smith and Joanne M. Smith on brief pro se.
 Jeffrey R. Howard, Attorney General, and Stephen J. Judge, Senior Assistant Attorney General, on brief for appellees New Hampshire Board of Land Surveyors and Members.
 Donald F. Whittum and Cooper, Hall, Whittum & Shillaber, P.C. on brief for appellee David Richard Noyes.
 Before CYR, BOUDIN and LYNCH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiffs-appellants filed an amended complaint under 42 U.S.C. Sec. 1983 alleging violations of the First Amendment, due process and equal protection clauses, all based on the refusal of the New Hampshire Board of Licensure to hold a formal hearing on plaintiffs' disciplinary charges against defendant Noyes. The district court dismissed the complaint for failure to state a cognizable claim.
 
 
 2
 Plaintiffs challenge the court's ruling that they did not plead the deprivation of an interest protected by the due process clause. They say that the court erroneously failed to recognize a constitutional deprivation in the alleged violation of their state law rights to notice and a hearing on their disciplinary complaint against Noyes. Even if a protected interest could be identified, however, an unauthorized deviation from state procedure does not rise to the level of a constitutional due process violation unless the state fails to provide a suitable post-deprivation remedy. See Licari v. Ferruzzi, 22 F.3d 344, 348 (1st Cir.1994). New Hampshire law provides such a remedy through rehearing and direct appeal of Board orders, see N.H.Rev.Stat. Ann. Sec. 310-A:71 (1995) ("Orders of the board shall be subject to rehearing and appeal in the manner prescribed by RSA 541."); N.H.Rev.Stat. Ann. Secs. 541:1-541:6 (1974 & Supp.1994), or petition for an extraordinary writ. See N.H.Rev.Stat. Ann. Sec. 490:4 (1983). Plaintiffs' remaining contentions also fail substantially for the reasons stated by the district court.
 
 
 3
 Reviewing the district court's decision de novo, the judgment is affirmed.